THE STATE OF OHIO, APPELLANT, *v.* BOYD, APPELLEE.

[Cite as State *v.* Boyd (1985), 18 Ohio St. 3d 30.]

(No. 84-860—Decided June 26, 1985.)

*Reese F. Mills,* law director, and *Lawrence F. Miller,* for appellant.

*Inscore, Rinehardt & Whitney* and *John R. Enderle,* for appellee.

O'NEILL, J. R.C. 4511.19(A)(3) reads, in pertinent part, as follows:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state if any of the following apply:

"* * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;"

If the state is to be successful in the prosecution of a person charged with the violation of the preceding section, the state must prove beyond a reasonable doubt each of the essential elements of the crime. *State* v. *Nolton* (1969), 19 Ohio St. 2d 133 [48 O.O.2d 119]. Accordingly, in order to sustain a conviction under R.C. 4511.19(A)(3), there must be proof beyond a reasonable doubt that the appellee was operating a vehicle within this state and that at the time he had a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath.

These two facts are the only facts of consequence to the case. Thus, the relevant evidence is limited to that evidence having any tendency to make the existence of either or both of those two facts more probable or less probable. Standing alone, appellee's appearance, manner of speech and walking, and lack of any symptoms of intoxication are not relevant evidence and, therefore, not admissible.

The judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

LOCHER, J., concurs in judgment only.

O'NEILL, J., of the Seventh Appellate District, sitting for SWEENEY, J.