CITY OF BOWLING GREEN, Appellee,

v.

ANDREWS, Appellant.

[Cite as *Bowling Green v. Andrews* (1989), 61 Ohio App.3d 337.]

Court of Appeals of Ohio,
Wood County.

No. WD–88–31.

Decided March 3, 1989.

338

*Mark B. Reddin,* for appellee.
*John M. Dunipace,* for appellant.

*Per Curiam.*

This matter is before the court on appeal from the April 19, 1988 judgment of the Bowling Green Municipal Court sentencing appellant, Kent S. Andrews, after a jury found him guilty of violating Bowling Green Municipal Code Section 73.01(A)(1).

On February 5, 1988, appellant was cited for driving while under the influence of alcohol in violation of Bowling Green Municipal Code Section 73.01(A)(1) and for driving with a willful and wanton disregard for safety in violation of Bowling Green Municipal Code Section 73.10. At the time that appellant was cited, he refused to submit to chemical testing to determine the alcohol content of his blood. The officer did, however, perform various field sobriety tests and determined that appellant was intoxicated.

A jury trial was held and appellant was found guilty of driving while intoxicated. A bench trial was held with regard to the second count and appellant was found not guilty of driving with a disregard for safety.

Appellant now appeals the conviction and sentence regarding the first count and asserts the following single assignment of error:

"The trial court abused its discretion and committed prejudicial error in suppressing portions of the testimony of defendant's expert."

Appellant sought to introduce into evidence the videotaped expert testimony of Walter Frajola, Ph.D., a chemist. Frajola's proffered testimony consisted basically of his projected calculations of the alcohol content in appellant's system based upon the amount of alcohol allegedly consumed and appellant's weight and Frajola's opinion as to the effect of the alcohol upon appellant.

The court below *sua sponte* ordered that portions of Frajola's testimony be stricken as irrelevant or because its probative value was outweighed by its potential prejudice, confusion of the issues, or misleading of the jury. Those portions of the testimony which were stricken concern prohibited alcohol concentration levels under the Bowling Green Municipal Code and the possible alcohol level in appellant's blood. The court concluded that this evidence was irrelevant in this case since appellant was charged with driving while under the influence, *i.e.*, that his driving ability was impaired, not with having a specific blood-alcohol concentration. The judge ruled on the admissibility of this evidence prior to the trial to give appellant advance notice of the court's ruling, subject to review at the trial the next day.

Appellant correctly sets forth the law regarding this issue when he stated that the admissibility of evidence is a discretionary matter for the trial court which will be set aside by a reviewing court only upon a showing of an abuse of that discretion. Evid.R. 104(A); *State v. Williams* (1983), 4 Ohio St.3d 53, 4 OBR 144, 446 N.E.2d 444, paragraph one of the syllabus; and *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 219–220, 24 O.O.3d 322, 323, 436 N.E.2d 1008, 1010.

The basis for appellant's argument that this evidence was relevant is twofold. First, appellant notes that Bowling Green Municipal Code Section 73.01(C) permits the court to admit into evidence test results of the alcohol concentration in the defendant's blood, breath, or urine. That section does not limit the use of such evidence solely to violations of Section 73.01(A) which pertain to prohibited levels of alcohol concentration in the blood, breath, or urine. Therefore, appellant concludes, and we agree, that the legislature intended for such evidence to also be used to prove whether the defendant was driving while under the influence of alcohol irrespective of the alcohol concentration level.

Second, appellant contends that this evidence was helpful to the jury as a measuring gauge to compare appellant's possible alcohol concentration level with acceptable levels and with the police officer's observations during the field sobriety test. This evidence was also intended to be used by appellant to

explain that he refused to take a chemical test because he knew that he was not under the influence of alcohol.

The state and the municipal court, however, considered this evidence to be irrelevant because the level of alcohol concentration was irrelevant. Since appellant was charged with driving under the influence, and not with having a blood, breath, or urine alcohol concentration of a certain level, testimony that appellant would have tested below the "per se" illegal limits would not tend to prove that he was not under the influence.

■ We would agree with the state that this evidence would not by itself prevent the jury from finding appellant guilty of driving while under the influence. However, testimony as to appellant's possible blood, breath, or urine alcohol concentration level could be used to rebut the accuracy of the police officer's observations of the alcoholic influence appellant was under. As the court stated in *State v. Bakst* (1986), 30 Ohio App.3d 141, 30 OBR 259, 506 N.E.2d 1208, the conclusions of such an expert are only one factor the jury could consider when determining whether appellant was under the influence of alcohol within the meaning of Bowling Green Municipal Code Section 73.01(A)(1). *Id.* at 146, 30 OBR at 264–265, 506 N.E.2d at 1214–1215.

The state cites *Columbus v. Day* (1985), 24 Ohio App.3d 173, 24 OBR 263, 493 N.E.2d 1002, for the proposition that this evidence cannot be introduced to show that the accused was not under the influence of alcohol. *Id.* at 175, 24 OBR at 265, 493 N.E.2d at 1004. Upon a review of the case, we find that the state is misreading this portion of the case. The court in the *Day* case was stating that such evidence could not be used to show the influence that the alcohol had on the accused because this fact is irrelevant when one is arrested for violating the "per se" provisions of the Ohio Revised Code, the parallel drunk driving statute to the Bowling Green Municipal Code. In light of *State v. Vega* (1984), 12 Ohio St.3d 185, 189, 12 OBR 251, 255, 465 N.E.2d 1303, 1307, we do not agree with the court's conclusion. However, that is the conclusion that was intended by that court.

■ Furthermore, we do not find that this relevant evidence would mislead or confuse the jury thereby justifying its inadmissibility under Evid.R. 403. Any possible confusion can be avoided by proper instructions to the jury. If a court is permitted to remove the evidence from the jury's considerations, it is, in essence, usurping the jury's role of weighing the evidence.

Also, appellant must be given an opportunity to prove that he was not under the influence of alcohol or he will be denied his due process rights to defend himself. See *State v. Vega, supra,* at 189, 12 OBR at 255, 465 N.E.2d at 1307. This court is cognizant, however, of the Ohio Supreme Court's recent decision

in *Columbus v. Taylor* (1988), 39 Ohio St.3d 162, 529 N.E.2d 1382, wherein the court held that it was not an abuse of discretion for the trial court to exclude evidence of a simulated test performed three months after the arrest. *Id.* at 164, 529 N.E.2d at 1384–1385. However, we find the *Taylor* case distinguishable on its facts because in that case the accused's upset stomach on the day of the arrest could not be reliably duplicated three months later. *Id.* Furthermore, the court found that the defendant was able to present essentially the same evidence to the jury by inference. *Id.* In the case *sub judice*, the expert witness is merely presented with the facts of the case and asked to give his opinion as to the alcoholic influence appellant should have been under. Under these circumstances, we find it unconscionable for the court to bar this expert's testimony. A properly instructed jury is still free to give whatever weight to the evidence they desire.

Accordingly, we find appellant's sole assignment of error well-taken.

Having found that substantial justice was not done the party complaining, the judgment of the Bowling Green Municipal Court is reversed. This matter is remanded to the Bowling Green Municipal Court for further proceedings not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., and CONNORS, J., concur.

GLASSER, J., dissents.