Appellant, David Ballinger, appeals from the decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of his minor child, Cassandra Robbins, to the Butler County Children Services Board ("BCCSB"). We affirm.
At the hearing in this matter on March 2, 1998, Dr. Charles Lee, a psychologist, was called as a witness for BCCSB to testify regarding appellant's parental fitness. After being qualified as an expert, Lee submitted a report of his assessment, and provided his professional opinion that appellant required substance abuse evaluation, psychiatric evaluation, and should complete a parenting program prior to being granted custody. Lee based his findings in part upon two tests which he administered to appellant, namely, the Minnesota Multiphasic Personality Inventory ("MMPI") and the Millon Clinical Multiaxial Inventory ("MCMI").
By its amended final judgment entry filed November 30, 1998, the trial court granted BCCSB's motion and awarded permanent custody of Cassandra to BCCSB. Appellant appeals this decision raising a single assignment of error:
 THE COURT ERRED TO THE PREJUDICE OF DAVID BALLINGER, THE FATHER OF CASSANDRA ROBBINS, IN BASING ITS DETERMINATION OF HIS PARENTAL ABILITIES IN SIGNIFICANT PART ON PSYCHOLOGICAL TESTING AND THE INFERENCES DRAWN FROM THAT TESTING CONSIDERED BY THE COURT IN VIOLATION OF OHIO RULES OF EVIDENCE.
Appellant argues that the results of the MMPI and the MCMI did not meet the criteria for reliability provided in Evid.R. 702(C). Evid.R. 702 governs the admissibility of expert testimony and provides, in part:
 A witness may testify as an expert if all of the following apply: * * *
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
 (1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
 (2) The design of the procedure, test, or experiment reliably implements the theory;
 (3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.
The admissibility of expert testimony under Evid.R. 702 is a matter within the trial court's sound discretion. State v.Oldham (June 30, 1998), Butler App. No. CA95-11-201, unreported, at 16, citing Columbus v. Taylor (1988), 39 Ohio St.3d 162,164. The decision to admit expert testimony will not be reversed on appeal absent an abuse of that discretion.Oldham at 16, citing State v. Williams (1983), 4 Ohio St.3d 53,58. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Lee testified that, as administered to appellant, both the MMPI and the MCMI appeared to give valid results. Further, we note that both of these tests are widely utilized as diagnostic tools and have been previously accepted as the basis for expert opinion in numerous cases in the Ohio State Supreme Court, this court, and other Ohio appellate courts. See Estates of Morganv. Fairfield Family Counseling Ctr. (1997), 77 Ohio St.3d 284,302, fn. 6; State v. Goff (1998), 82 Ohio St.3d 123, 143; In reMichael Turner (June 23, 1997), Butler App. Nos. CA96-09-191, CA96-09-192, unreported, at 16-18; Stevens v. Stevens (Feb. 10, 1997), Preble App. No. CA96-07-010, unreported, at 6-10;Kochersperger v. Kochersperger (Nov. 29, 1996), Montgomery App. No. 15802, unreported. The trial court certainly did not abuse its discretion by allowing Lee's opinion testimony based upon its finding that the threshold degree of reliability under Evid.R. 702(C) was met.
In addition, we note that the reliability of these tests was not objected to at trial, and thus, the issue is waived unless the errors rise to the level of "plain error." State v.Nicholas (1993), 66 Ohio St.3d 431, 435-36. Since the trial court did not commit error by admitting Lee's expert testimony based upon the MMPI and MCMI, this action certainly could not constitute plain error by the court. By not objecting to the MMPI and MCMI at trial, appellant waived any right to raise issues regarding their reliability on appeal. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.