JOURNAL ENTRY AND OPINION
This is an appeal from a verdict following a jury trial before Visiting Judge Norman A. Fuerst that awarded appellee John T. Phillips compensatory damages against appellants, Millenium Entertainment Complex, Inc. and DBDC Management Co. ("Millenium"), on his personal injury claims. Millenium alleges that the judge improperly denied it the opportunity to question a witness upon redirect examination, mandating reversal. We affirm.
From the record we glean the following: On September 27, 1997, Phillips and some friends were at a bar near Jacobs Field called the Millenium.[1]
Edward A. Fischer, approximately six feet-six inches tall and weighing in excess of 250 pounds, was on the second-level dance floor and began to slam dance in an overly aggressive manner, disturbing other bar patrons. Dwight Chillious, part-owner of the bar, noticed this activity and, along with Millenium security personnel and his friend Mark D. Holt, intervened to quiet the disturbance. Fischer allegedly swung at Chillious, and successfully punched other security employees and Holt, before being temporarily subdued. As security personnel, with Chillious in the lead, escorted Fischer downstairs to the first floor, Fischer allegedly exchanged harsh words with Phillips, broke free from security and attacked him, causing Phillips to fall and sustain serious injuries to his legs. Eventually, Millenium security regained control of Fischer and he was arrested.
Phillips filed a complaint against Fisher, and against Chillious and David Thomas, as owners of the Millenium Entertainment Complex, Inc. and individual security personnel, and later was permitted to amend it to name the corporation and the management company as defendants. He claimed that Millenium was negligently understaffed, that it provided inadequate security at the bar, and that Fischer had intentionally assaulted him.[2]
The jury returned a verdict in favor of Phillips against Millenium and Fischer for $80,000 in compensatory damages and for $160,000 in punitive damages against Fischer only. From this determination, Millenium appeals in one assignment of error. Fischer has not appealed.
 THE TRIAL COURT ERRED IN AN ABUSE OF DISCRETION BY NOT ALLOWING REBUTTAL TESTIMONY FROM DEFENDANT DWIGHT CHILLIOUS.
During Phillips' presentation of his case, he called Chillious as upon cross-examination, and questioned him about the qualifications of the security personnel, the number of personnel working at the time of this incident and the size of the crowd at the bar that night. During Millenium's case-in-chief, Chillious described the factual events as they unfolded, and Phillips cross-examined him. When Millenium attempted to question Chillious on redirect examination, the judge, without comment, denied it that opportunity and, without objection or proffer of his testimony, it called its next witness. It claims here, without elaboration, that it had planned to have Chillious "clarify" his testimony about the facts of the incident, and that the failure to permit such testimony mandates reversal and remand for a new trial. We disagree.
Evid.R. 611(A) provides a judge with the authority to exercise "reasonable control over the mode and order of interrogating witnesses and presenting evidence." The control of redirect examination is within judicial discretion and a reversal upon that ground can be predicated upon nothing less than a clear abuse thereof.[3] A decision to exclude evidence is not grounds for reversal unless the record clearly demonstrates the judge abused his discretion in so ruling and that the complaining party has suffered a material prejudice.[4] An abuse of discretion connotes more than an error of law or judgment; it implies that the judge's attitude was unreasonable, arbitrary, or unconscionable.[5]
Before we address the merits of Millenium's assignment of error, however, we must note that it has not been preserved for appeal. After Phillips had concluded his cross-examination of Chillious, the following exchange took place:
 THE COURT: We are going to take one more witness and then we will break for the day.
 [COUNSEL FOR MILLENIUM]: Your Honor, I had some re-direct for Mr. Chillious.
THE COURT: No. Call your next witness.
[COUNSEL]: Mr. Thomas.
It is apparent that Millenium did not call to the judge's attention the error it now asserts. He could correct the alleged error only Millenium asserted it in the first instance. According to Evid.R. 103(A),
 "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected and * * * (2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence was excluded during cross-examination."
In the event that a party does not call an error to the attention of the judge at the time when it could be avoided or corrected, such error will not be considered on appeal by the reviewing court.[6] While it is notable that Evid.R. 103(A)(2) contains an exception in the need for a proffer of excluded evidence as it relates to a cross-examination, no exclusion exists in the case of disallowed redirect testimony. As such, any claimed error has been waived by Millenium's failure to assert its right to redirect when the judge denied it out-of-hand.
Any error asserted on appeal, but not properly preserved at the trial level, is subject to a plain error analysis.[7] Assuming, arguendo,
that Millenium was arbitrarily denied the right to redirect questions to Chillious, such error still would not compel reversal. On appeal, Millenium asserts that it wished to ask Chillious additional questions in order to clarify his contention that Phillips actually provoked the altercation with Fischer. Phillips, however, did not touch upon that subject during his second cross-examination of Chillious, but rather concentrated on the number of security personnel versus patrons at the bar and the conduct of Fischer when he attacked him. Exclusion of questions asked on redirect examination which are not related to questions asked on cross-examination lie within the sound discretion of the judge.[8] Furthermore, redirect and recross-examination are "normally limited to answering any new matter drawn out in the next previous examination of the adversary."[9] As such, it is not clear that the testimony Millenium now attempts to summarily proffer, but did not even attempt at trial, would or should have been allowed.
Chillious testified during Millenium's direct examination that, as he, Fischer and the rest of security passed Phillips on the stairs, Phillips, an African-American, said, "I'm not afraid of that white son of a bitch." Chillious stated that Fischer responded by calling Phillips a "St. Clair nigger," and throwing a punch and lunging at him. Through him, Millenium bolstered its defense that Phillips' actions were a proximate cause of his own injuries and damages. Finally, Phillips' claims against Millenium focused on its conduct in subduing Fischer, beginning when he became initially violent on the dance floor, and its overall adequacy of security, regardless of who might be the aggressor or agitator in a fight. As such, Chillious' asserted further testimony would not have been germane to Millenium's defense and its exclusion did not "materially prejudice" it.[10]
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS; JAMES D. SWEENEY, P.J., CONCURS INJUDGMENT ONLY WITH SEPARATE OPINION.
[1] Millenium Entertainment, Inc. is the corporation which actually owned the bar; DBDC Management Co. held the liquor license under which the bar operated.
[2] Fisher did not attend the trial. Phillips' negligence claims against Chillious, Thomas and the security personnel were dismissed with prejudice at trial by the judge and no appeal was taken from that ruling.
[3] Seley v. G. D. Searle Co. (1981), 67 Ohio St.2d 192, 205,423 N.E.2d 831, 840; Barna v. Randall Park Assocs. (July 28, 1994), Cuyahoga App. No. 65998, unreported.
[4] Columbus v. Taylor (1988), 39 Ohio St.3d 162, 164,529 N.E.2d 1382.
[5] Tracy v. Merrell-Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147,152, 569 N.E.2d 875.
[6] LeFort v. Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121,123, 512 N.E.2d 640, citing Stores Realty Co. v. Cleveland (1977),41 Ohio St.2d 41, 322 N.E.2d 629. See, also, State v. Childs (1968),14 Ohio St.2d 56, 236 N.E.2d 545, paragraph three of the syllabus.
[7] Civ.R. 61 requires a court to disregard errors that do not affect the substantial rights of the parties: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for disturbing a judgment, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
[8] Barrett v. Lopez (1932), 132 Ohio App.3d 406, 419, 725 N.E.2d 314,323; See, also, State v. Spirko (1991), 59 Ohio St.3d 1, 27,570 N.E.2d 229.
[9] McCormick, Evidence, s. 32, at 69 (3d ed 1984), quoted in Barna v.Randall Park Assoc., supra.
[10] Columbus v. Taylor, supra.