OPINION
{¶ 1} Defendant Larry McArtor appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which convicted and sentenced him for three counts of gross sexual imposition in violation of R.C. 2907.05
and one count of rape in violation of R.C. 2907.02, after a jury found him guilty. The jury also found appellant had purposely compelled the victim to submit by force or threat of force. Appellant assigns a single error to the trial court:
 {¶ 2} "THE PERFORMANCE OF TRIAL COUNSEL WAS DEFICIENT, AND DEPRIVED MR. MCARTOR OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 3} At trial, the State presented evidence appellant had sexually abused his niece when she was twelve years old. At trial, a nurse practitioner, Janet McCleery testified she evaluated the child. McCleery testified the child had a scar at the base of her hymen, but McCleery was unable to determine who or what caused the scarring, particularly since the child was accusing both appellant and her father of sexually abusing her.
 {¶ 4} Appellant urges he was deprived of the effective assistance of counsel. In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court established a two-prong test for determining whether an accused has been deprived of the effective assistance of counsel. First, the accused must show counsel's performance was deficient. Secondly, the accused must show the deficient performance caused prejudice. The accused demonstrates prejudice when there is a reasonable probability that, but for counsel's deficiencies, the result of the proceeding would have been different. Ohio has adopted the Strickland test in State v. Bradley (1989), 42 Ohio St.3d 136, cert. denied. (1990),110 S.C. 3258.
 {¶ 5} Appellant points to two issues in which he argues trial counsel was deficient. The first is failure to object to McCleery's testimony on the basis of hearsay and cumulative testimony. The statements were offered under the medical diagnosis treatment exception to the hearsay rule, Evid.R. 803(4). Appellant argues because the child victim was not of tender years, and because she testified at the trial, nurse McCleery's testimony was inadmissible.
 {¶ 6} Appellee points us to State v. Burrell (1993),89 Ohio App.3d 737, wherein the Ninth District found because a victim was not of tender years, it was more likely that her statements were trustworthy and she understood the necessity of being truthful with medical personnel. In Burrell the examining physician's testimony about the child's veracity was stricken.
 {¶ 7} We find the testimony in question was properly admitted under Evid.R. 803.
 {¶ 8} Appellant argues McCleery's testimony was both unduly prejudicial and cumulative. We find McCleery's testimony was not cumulative but rather added information not already before the jury. We also find it was not unduly prejudicial.
 {¶ 9} Appellee also argues the failure to object to McCleery's testimony may have been trial strategy. McCleery testified the child had accused both her own father and the appellant of sexual abuse. Defense counsel may have determined this would cast doubt on the issue of identity of the actual person responsible for the abuse, and damage the child's credibility.
 {¶ 10} We find counsel was not ineffective in failing to object to McCleery's testimony.
 {¶ 11} Secondly, appellant argues trial counsel failed to object to evidence of prior bad acts inadmissible under Evid.R. 404. Pursuant to the Rule, evidence of other crimes or bad acts is not admissible to prove the defendant acted in a similar manner on the occasion in question. The three challenged testimonies are first, the appellant had an erection on one occasion while playing with the victim. The second testimony was regarding a possible drinking problem, and the third was an alleged violent incident years prior, involving a child victim.
 {¶ 12} Testimony regarding appellant's possible drinking problem is not evidence introduced to show that he acted in conformity therewith on the occasion in question, because there is no allegation appellant was inebriated when he allegedly molested the child. The testimony regarding appellant's possible sexual arousal while playing with the victim, and possible violent tendency, could be construed by the jury as tending to show appellant acted in conformity therewith. We find these last two pieces of testimony are prior bad acts under Evid.R. 404.
 {¶ 13} The admission of prior bad acts is deemed harmless unless there is some reasonable probability the evidence contributed to the accused's conviction, City of Columbus v. Taylor (1988), 39 Ohio St.3d 162.
 {¶ 14} We have reviewed the record, and we find there is no reasonable probability this evidence actually contributed to the accused conviction. Even without this questionable evidence, there is sufficient competent and credible evidence in the record to convince the jury appellant was guilty beyond a reasonable doubt, see State v. Moritz
(1980), 63 Ohio St.2d 150.
 {¶ 15} We find while defense counsel may have been ineffective in failing to object to the admission of these statements, there was no prejudice to the appellant.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., and Farmer, J., concur.