This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Allstate Insurance Company has appealed from a decision of the Lorain County Court of Common Pleas that granted judgment in favor of Plaintiff-Appellee Billie Jo Belcher. This Court reverses, and remands for further proceedings.
 I. {¶ 2} On July 2, 1999, Appellee Billie Jo Belcher ("Belcher") was involved in a motor vehicle accident in Elyria, Ohio. While driving southbound along West River Road, Connie Zajaros ("tortfeasor") rear-ended another vehicle, which caused a rear-end, chain reaction collision with Belcher's vehicle. As a result of the accident, Belcher's car was damaged and she sustained injuries. The tortfeasor was uninsured at the time of the accident. However, Belcher was insured under an uninsured motorist policy with Appellant Allstate Insurance Company ("Allstate").
 {¶ 3} On June 20, 2001, Belcher filed a complaint against the tortfeasor and Allstate, in which Belcher sought damages in the amount of $35,000 from the tortfeasor and Allstate, jointly and severally. Allstate filed an answer and a cross-claim against the tortfeasor. The tortfeasor, however, did not appear or otherwise respond to Belcher's complaint. As a result, Belcher filed a motion for default judgment against the tortfeasor on April 18, 2002, in which she sought judgment in the amount of $25,000. Belcher also filed an amended complaint on April 18, 2002, in which she further alleged that Allstate failed to act in good faith in complying with the terms of the insurance contract.[1]
 {¶ 4} A hearing on Belcher's motion for default judgment was held on May 23, 2002; the tortfeasor did not attend the default hearing. Before the trial court ruled on the motion, however, Allstate filed a motion in limine on June 3, 2002. In the motion, Allstate requested the trial court to exclude from the trial any evidence of a default judgment award. The trial court did not rule on Allstate's motion in limine[2], but after the May 23, 2002 default hearing, the trial court granted Belcher's motion for default judgment against the tortfeasor and awarded Belcher $17,500 in compensatory damages on June 5, 2002.[3]
 {¶ 5} Belcher's claim against Allstate proceeded to trial, and on June 6, 2002, the jury returned a verdict in favor of Belcher and awarded her $15,000 in compensatory damages. Later, on July 1, 2002, Allstate filed a motion for judgment on its crossclaim against the tortfeasor; Allstate requested damages in the amount of $15,000 plus interest from the date of the jury verdict. The trial court granted Allstate's motion[4], but not before Allstate filed a timely appeal with this Court on July 2, 2002. Allstate has asserted two assignments of error, which have been rearranged to facilitate review.
 II. Assignment of Error Number Two "THE TRIAL COURT ERRED IN PERMITTING [BELCHER], IN HER CASE AGAINST [ALLSTATE] TO ENTER INTO EVIDENCE THE AMOUNT OF DEFAULT JUDGMENT SHE OBTAINED AGAINST THE [TORTFEASOR]."
 {¶ 6} In its second assignment of error, Allstate has argued that the trial court erred by allowing into evidence the amount the trial court awarded Belcher in the default judgment against the tortfeasor. Specifically, Allstate has argued that the information was irrelevant, highly prejudicial, and lacked probative value. We agree.
 {¶ 7} The admission or exclusion of evidence is within the sound discretion of the trial court. Dardinger v. Anthem Blue Cross BlueShield, 98 Ohio St.3d 77, 106, 2002-Ohio-7113, at ¶ 193, quotingState v. Hymore (1967), 9 Ohio St.2d 122, 128. Therefore, a trial court's decision on an evidentiary issue will stand absent an abuse of discretion that materially prejudices a party. Id. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169.
 {¶ 8} In the instant matter, the trial court allowed into evidence the amount of damages Belcher received in the default judgment against the tortfeasor. During direct examination of Belcher at the trial, the following discussion took place:
 "[Belcher's counsel]. Handing you what has been marked as Plaintiff's Exhibit Number 2. This is a journal entry. Could you read the date of that journal entry, please, the Court's journal entry?
"[Belcher]. June 5th, 2002.
 "[Belcher's counsel]. You were here this morning and gave testimony before the Court relative to the motion on default against [the tortfeasor]; is that correct?
"[Belcher]. Yes, it is.
 "[Belcher's counsel]. And basically, you gave the same testimony to the Court as you did this to the jury; is that correct?
"[Belcher]. Yes.
 "[Belcher's counsel]. And the Court awarded you a judgment against [the tortfeasor], did they?
"[Belcher]. Yes, they did.
 "[Belcher's counsel]. Could you tell the jury, please, what that jury verdict was? Excuse me. Strike that, please. My apologies to the jury. What the Court's judgment entry is?
"[Allstate's counsel]. Objection, your Honor.
"[The Court]. Overruled.
"[Belcher]. $17,500 no cents."
 {¶ 9} Allstate has argued that evidence of the default judgment award was irrelevant and highly prejudicial.
 {¶ 10} After reviewing the record, we find that evidence of the amount of damages awarded to Belcher at the default judgment hearing was irrelevant. Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Further, the Ohio Supreme Court has held that "the issue of whether testimony is relevant or irrelevant, confusing or misleading, is best decided by the trial judge[.]" Columbus v. Taylor
(1988), 39 Ohio St.3d 162, 164.
 {¶ 11} Here, the only fact to be proven at trial was the amount of damages; Allstate stipulated that the tortfeasor was negligent and was the cause of the accident, and that Belcher was covered under the motor vehicle insurance policy issued by Allstate. Thus, a journal entry describing the amount of damages awarded in a prior default judgment hearing or Belcher's testimony regarding the amount of damages she received in the default judgment was not required to prove that Allstate was liable to Belcher. The only purpose the journal entry could have served was to establish for the jury the value of Belcher's case against Allstate, and this was improper. The role of determining damages at a jury trial is for the jury, and by allowing into evidence the journal entry stating the amount of damages the trial court awarded in the default judgment, the trial court effectively usurped the role of the jury. Accordingly, we conclude that such evidence did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Gaul v. Westfield Nat'l Ins. Co. (Aug. 20, 1999), 11th Dist. No. 97-L-278, 1999 Ohio App. LEXIS 3888, at *9-10 (holding that evidence of the amount of the insured's settlement with the tortfeasor was irrelevant to the issues of proximate cause and personal injury damage sustained by the insured).
 {¶ 12} Assuming, arguendo, that the evidence is relevant, we conclude that such evidence was highly prejudicial. Evid.R. 403(A) provides: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 13} Allstate has argued that the trial court's judgment entry had a prejudicial effect on the jury, stating:
 "The jury should be free to make their assessment as to the amount of damages without any outside influence, including the opinion of the judge. This would include a journal entry bearing the judge's signature and stating what value he put on the case, or [Belcher] reading into evidence the amount of the default judgment from that journal entry."
 {¶ 14} We agree with Allstate's argument that the evidence was highly prejudicial because it had a highly influential impact upon the jury and lacked probative value. Evidence of the default judgment award, which was granted by the same judge presiding at the jury trial, would likely sway the decision of any competent juror in spite of the other evidence presented at trial, i.e., Belcher's testimony, the videotape of Dr. Catherine Sementi (Belcher's physician), and Belcher's medical bills. Consequently, this Court cannot say that the jury would have awarded Appellee $15,000 in compensatory damages without the introduction of the default judgment award. Accordingly, we conclude that the trial court abused its discretion in admitting into the evidence the amount of the award. Allstate's second assignment of error is well taken.
 Assignment of Error Number One "THE TRIAL COURT ERRED IN NOT ALLOWING COUNSEL FOR [ALLSTATE] TO PARTICIPATE IN THE DEFAULT JUDGMENT HEARING BY [BELCHER] AGAINST [THE TORTFEASOR.]"
 {¶ 15} In Allstate's first assignment of error, it has argued that the trial court erred by preventing counsel for Allstate from participating in the default judgment hearing. Specifically, Allstate has argued that it should have been allowed to participate in the damages hearing because evidence of the amount of the default judgment award against the tortfeasor would be introduced into the subsequent trial, and "it was in the interest of [Allstate] to attempt to reduce or minimize the amount of the default judgment." Thus, Allstate has indicated that its interest in the damages hearing was based solely on the fact that evidence of the default judgment award would be used in the jury trial.
 {¶ 16} Because we concluded in Allstate's second assignment of error that the amount of the default judgment award should not have been admitted into evidence because it was irrelevant, or in the alternative, highly prejudicial, we need not address Allstate's first assignment of error. Regardless of what transpired during the default hearing on damages, evidence of the default judgment award will not be admitted in another trial on damages. As such, Allstate's first assignment of error is moot. See App.R. 12(A)(1)(c).
 III. {¶ 17} Allstate's second assignment of error is sustained and its first assignment of error is moot. The decision of the trial court is reversed, and the cause is remanded for proceedings consistent with this decision.
BAIRD, P.J. and CARR, J. CONCUR.
[1] It appears that Belcher withdrew the bad faith claim prior to trial.
[2] Generally, when a trial court fails to rule on a motion, it is presumed that the motion was denied. Pentaflex v. Express Services, Inc.
(1998), 130 Ohio App.3d 209, 217, appeal not allowed (1999),84 Ohio St.3d 1505, quoting Gosden v. Louis (1996), 116 Ohio App.3d 195,222, appeal not allowed (1997), 78 Ohio St.3d 1456.
[3] The trial court failed to enter a journal entry documenting the resolution of the default judgment hearing. However, a subsequent journal entry, dated June 5, 2002, indicates that the trial court entered default judgment against the tortfeasor on the issue of liability at the May 23, 2002 hearing and a hearing was set for June 5, 2002, to determine the amount of damages.
[4] The trial court granted Allstate's motion for judgment on the crossclaim on July 24, 2002.