THE STATE OF OHIO, APPELLEE, *v.* SWISSHELM, APPELLANT.

(No. 2211—Decided
June 3, 1987.)

*Frank C. Oehl,* assistant prosecuting attorney, for appellee.
*Thomas T. Flynn,* for appellant.

QUILLIN, P.J. The defendant, Joseph L. Swisshelm, was convicted of driving with a prohibited breath-alcohol concentration in violation of R.C. 4511.19(A)(3). He appeals, claiming as his sole assignment of error that "the court abused its discretion when it did not wait a reasonable time for the appearance of an expert witness hired by a criminal defendant." We affirm.

The jury trial, which was set for August 20, 1986, was continued to September 26, 1986 because defendant's expert witness was not available on August 20, 1986. The trial began at 9:00 a.m. The state's only witness was the arresting officer. The defendant's testimony covers seven pages of direct examination and four pages of cross-examination. By 11:15 a.m., both witnesses had finished testifying. The defendant's expert witness, who had not been subpoenaed, was not present. Defense counsel informed the court that he had "scheduled him for one o'clock," but that the witness might be present at 12:30 p.m. The trial court recessed the trial until 12:30 p.m. When the witness had not appeared by 1:10 p.m., the court directed that final arguments begin. After final arguments were concluded, the court indicated he might allow the defense to re-open its case if the witness was then available. The witness was not. The jury was then instructed and began deliberations. The record does not show when the expert witness eventually appeared, but counsel seem to agree that it was after 1:40 p.m.

The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. *State* v. *Unger* (1981), 67 Ohio St. 2d 65, 67, 21 O.O. 3d 41, 43, 423 N.E. 2d 1078, 1080. An abuse of discretion is more than error of law or judgment, but implies an attitude on the part of the trial judge that is unreasonable, arbitrary or unconscionable. *Ruwe* v. *Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 61, 29 OBR 441, 443, 505 N.E. 2d 957, 959.

The record does not reveal that the trial court's decisions were unreasonable, arbitrary or unconscionable. In a trial involving a single prosecution witness, the defense may not reasonably assume that a trial beginning at 9:00 a.m. will last into the afternoon. Witnesses must accommodate trials, rather than trials accommodate witnesses.

The judgment is affirmed.

*Judgment affirmed.*

BAIRD and GEORGE, JJ., concur.