OPINION
{¶ 1} Defendant-appellant Edward Aaron Sommer appeals his May 25, 2004 conviction for driving while intoxicated, in violation of R.C. Section4511.19, in the Fairfield County Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was charged with driving while intoxicated, in violation of R.C. 4511.19(A)(3). The trial court conducted a bench trial on May 25, 2004. At trial, the prosecution presented two witnesses: Ohio State Highway Patrol Troopers Donald Kelley and Brandon Todd. Trooper Kelley testified he stopped a vehicle being driven by appellant at 12:47 a.m. on November 14, 2003, after having observed appellant fail to stop at two stop signs near an intersection. Kelley testified he noticed an odor of alcohol coming from the car, and observed appellant's bloodshot and glassy eyes. Appellant admitted he had consumed about four alcoholic drinks. Kelley then transported appellant to the patrol post.
 {¶ 3} Upon arrival at the post, Trooper Kelley advised appellant of his Miranda rights and asked him to sign a BMV Form 2255. Appellant refused. Appellant agreed to submit to a breath test. Kelley observed appellant for 20 minutes, and then administered the test. The result of the breath test was .080 grams by weight of alcohol per 210 liters of breath. Accordingly, appellant was charged with driving while intoxicated, in violation of Section 4511.19.
 {¶ 4} Trooper Brandon Todd testified he conducted a calibration check on the BAC machine on November 9, 2003. Todd stated the BAC Datamaster machine has been approved by the Ohio Department of Health. Todd testified he conducted the calibration check in accordance with blood alcohol testing rules promulgated by the Ohio Department of Health.
 {¶ 5} At the May 25, 2004 bench trial, both parties stipulated to the admissibility of the BAC test, including the senior operator permits of Todd and Trooper Spradlin. The trial court granted the State's motion in limine to exclude the testimony of John Fusco and Dr. Alfred Staubus, but permitted appellant to proffer their testimony.
 {¶ 6} Following the bench trial, the court convicted appellant of driving while intoxicated, in violation of Section 4511.19.
 {¶ 7} Appellant now appeals raising the following assignments of error:
 {¶ 8} "I. The trial court committed reversible error by excluding probative evidence of the margin of error existing in blood alcohol testing by the bac datamaster machine.
 {¶ 9} "II. The trial court committed reversible error by excluding relevant, probative expert testimony."
 I, II {¶ 10} The assignments of error raised by appellant broach common and interrelated issues; therefore, we will address both arguments together.
 {¶ 11} Appellant maintains the trial court committed reversible error by excluding probative evidence of the margin of error existing in blood alcohol testing by the BAC Datamaster machine. Appellant further argues the trial court committed reversible error by excluding relevant, probative expert testimony. Specifically, appellant asserts the trial court improperly precluded appellant from introducing the expert testimony of Dr. Alfred Staubus. Appellant asserts Dr. Staubus' testimony establishes appellant's blood alcohol level at the time of operation was actually lower than .080.
 {¶ 12} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Noling, 98 Ohio St.3d 44,2002-Ohio-7044, 781 N.E.2d 88. Further, a reviewing court shall not disturb evidentiary decisions in the absence of an abuse of discretion resulting in material prejudice. Id. The Ohio Supreme Court has repeatedly held the term abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., Statev. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 13} We will first address appellant's argument regarding the BAC Datamaster's design specification margin of error.
 {¶ 14} O.A.C. Section 3701-53-02(A) states:
 {¶ 15} "The instruments listed in this paragraph are approved as evidential breath testing instruments for use in determining whether a person's breath contains a concentration of alcohol prohibited or defined by sections 4511.19. The approved evidential breath testing instruments are:
 {¶ 16} "(1) BAC Datamaster, BAC Datamaster cdm"
 {¶ 17} At trial, appellant proffered the testimony of John Fusco, President and CEO of National Patent Analytical Systems, the sole manufacturer of the BAC Datamaster. He testified the machine has a design specification margin of error of +/-.002 at a .10 BAC level. Based on Fusco's testimony, appellant argues the trial court should have considered the margin of error in analyzing appellant's BAC test results.
 {¶ 18} The Ohio Supreme Court addressed the issue raised by appellant in State v. Schuck (1986), 22 Ohio St.3d 296. The Court's syllabus held:
 {¶ 19} "In analyzing the accuracy of a particular intoxilyzer reading, a court may not rely solely on the intoxilyzer's design specifications where data from calibration checks have been properly submitted." Id.
 {¶ 20} The Supreme Court then provided the following analysis:
 {¶ 21} "In vacating defendants' convictions, the court below essentially held that the intoxilyzer is only as accurate as the limits stated in its design specifications, and that the margin for error described therein was such that the test results for both defendants could not constitute sufficient evidence of prohibited alcohol concentration. The state argues that this holding fails to recognize the crucial fact that design specifications are only an estimate of possible
error. The exact level of accuracy of a particular intoxilyzer at a particular time is readily verifiable by reference to calibration checks. These checks are regularly conducted for every intoxilyzer. They involve testing a solution, the alcohol concentration of which is already known to the tester. The reading given by the intoxilyzer from this solution is then compared to the actual known alcohol concentration. The range of accuracy is thereby established.
"We agree with the state's contention that, in analyzing the accuracy of a particular intoxilyzer reading, a court may not rely solely on the intoxilyzer's design specifications where data from calibration checks have been properly submitted. In holding that the intoxilyzer results were not necessarily precise enough to sustain a conviction, the court below relied on the least reliable measure of accuracy. The design specifications are simply maximum range of error for intoxilyzers generally. The actual accuracy of a given intoxilyzer is determined only by calibration checks. These checks are the truest measure of accuracy of a particular intoxilyzer at a particular time. Where this range of accuracy, compared against a particular reading, is such that an actual alcohol concentration level of.10 percent or more is assured, the intoxilyzer reading is relevant, admissible, and sufficient to sustain a conviction when coupled with evidence of operation of a motor vehicle. See State v. Boyd (1985), 18 Ohio St.3d 30, 479 N.E.2d 850, syllabus."
 {¶ 22} This Court addressed the identical issue in State v. Brandt
(Oct. 4, 2002), Tuscarawas App. No. 2002AP020008, unreported:
 {¶ 23} "We acknowledge we do not know if a reading on the breath test is the "actual" breath content of the person. Rather, the prohibited breath alcohol content set by the legislature is that as it is measured on an approved, properly calibrated, and properly checked breath testing instrument. This is an important point, because appellant seems to argue the error variance should be applied to individual breath tests. The code does not provide for such an analysis. The error variance exists only for the instrument check. Once the machine is checked, the variance is no longer part of the analysis."
 {¶ 24} As stated above, in the instant case Trooper Todd testified the machine was properly calibrated and checked pursuant to Ohio Department of Health regulations prior to the administration of appellant's test. Accordingly, appellant's breath alcohol content was measured on an approved, properly calibrated and properly checked breath testing instrument. The margin of error cited by appellant was no longer part of the analysis in determining the relevant alcohol content, and the trial court did not err in excluding the testimony of John Fusco as to the same.
 {¶ 25} We now turn to the testimony of Dr. Staubus pertaining to the range of alcohol concentration in a human subject at the time of the stop. Again, appellant proffered the testimony of Dr. Staubus. He testified, based on the time of the stop, time of the test, test value, and the proffered testimony of a start time and end time of drinking, and taking into account the varying rates of absorption and elimination, appellant's breath alcohol content at the time of the stop could have been between .060 and .112. Based upon this testimony, appellant argues the trial court erred in excluding the testimony, asserting the evidence is relevant to his BAC at the time of the stop, which could be different than the BAC test results.
 {¶ 26} As we noted above, the Director of the Ohio Department of Health has been given authority to promulgate the rules regulating breath testing procedures. As this Court held in State v. Brandt, supra:
 {¶ 27} "The law finds a per se violation of the statute when the test result exceeds the proscribed level, after analysis on a proper testing instrument. The Director was granted the discretion to create the protocol whereby such testing would create a valid result, accurate enough to be considered a per se statutory violation. The record demonstrates the Datamaster used to test appellant was properly calibrated, and checked pursuant to the instrument checklist as provided by the administrative code. Therefore any test result obtained from that machine, including appellant's test result, is presumed valid.
"Therefore, the fact appellant's test result was a .172 was sufficient to demonstrate a per se violation of the statute."
 {¶ 28} As in Brandt, appellant's .080 result is a per se violation of O.R.C. 4511.19(A)(3). The Ohio Department of Health has promulgated the protocol whereby appellant's result is properly considered by the trial court as valid and accurate enough to be considered a per se violation. Therefore, the trial court did not err in excluding the testimony of Dr. Staubus.
 {¶ 29} Accordingly, pursuant to Schuck and Brandt, supra, we overrule appellant's first and second assignments of error, and affirm the May 25, 2004 conviction by the Fairfield County Municipal Court.
Hoffman, J., Gwin, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 25, 2004 Judgment Entry of the Fairfield County Municipal Court is affirmed. Costs assessed to appellant.