DECISION AND JUDGMENT ENTRY
{¶ 1} This an appeal from a judgment of conviction for driving with a prohibited alcohol content, entered on a jury verdict in the Bowling Green Municipal Court. For the reasons that follow, we affirm.
 {¶ 2} On December 18, 2005, shortly before 9:00 a.m., an Ohio Highway Patrol Trooper stopped a car driven by appellant, Nolan K. Masters, for driving 83 m.p.h. on *Page 2 
Interstate 75 near Bowling Green, Ohio. Upon approaching the car, the trooper later testified that he noted a moderate odor of an alcoholic beverage coming from inside the vehicle and observed that appellant's eyes were bloodshot and glassy.
 {¶ 3} The trooper administered a series of field sobriety tests upon appellant, beginning with a horizontal gaze nystagmus test, upon which appellant scored four of six indicators. On the walk and turn test, the trooper observed one of nine indicators and two "clues" on the one-leg stand.
 {¶ 4} The trooper testified that the gaze nystagmus test measured involuntary eye movements present when alcohol has been consumed. The remaining tests are designed to measure the types of tasks necessary to operate a motor vehicle. According to the trooper, appellant failed the nystagmus test by one indicator and passed the other two exercises. Nevertheless, when a portable breath testing device registered a .087 percent alcohol concentration for 210 liters of breath, above the .080 percent statutory threshold concentration, the trooper arrested appellant and transported him to the Bowling Green Police Department. At the Bowling Green Police Department, appellant registered a .081 percent concentration on the department's BAC DataMaster machine.
 {¶ 5} Appellant was charged with speeding, operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19
(A)(1)(a), and driving with a prohibited alcohol concentration in violation of R.C. 4511.19 (A)(1)(d). Appellant did not contest the speeding charge, but pled not guilty to the alcohol related offenses. *Page 3 
 {¶ 6} When the trial court denied appellant's motion to suppress the results of the horizontal gaze nystagmus and his breath test, the matter moved to trial before a jury. The jury acquitted appellant of operating under the influence, but convicted him of a prohibited alcohol content violation. The trial court entered judgment on the verdict, imposing a fine, costs and one-year term of jail time. The court also placed appellant under community control for five years and revoked his driving privileges for ten years.
 {¶ 7} From this judgment, appellant now brings this appeal. Appellant sets forth the following five assignments of error:
 {¶ 8} "I. The Trial Court erred in denying Appellant's Motion to Suppress when the investigating Officer lacked reasonable cause to arrest Appellant for Driving under the Influence of Alcohol.
 {¶ 9} "II. The Trial Court erred to the prejudice of Appellant by denying his Motion for Acquittal, as the evidence presented by the State was insufficient to sustain a conviction for the offense of Driving Under the Influence of Alcohol in violation of O.R.C. §4511.19(A)(1)(a).
 {¶ 10} "III. The Trial Court erred to the prejudice of Appellant by denying his Motion for Acquittal, as the evidence presented by the State was insufficient to sustain a conviction for the offense of Driving with a Prohibited Blood Alcohol Concentration of .081 in violation of O.R.C. § 4519.19(A)(1)(d).
 {¶ 11} "IV. The jury erred by finding Appellant guilty of the offense of Driving with a Prohibited Blood Alcohol concentration of 081 [sic] in violation of O.R.C. ¶ *Page 4 
4511.19 (A)(1)(d) when the evidence presented by the State was insufficient to support said finding.
 {¶ 12} "V. The jury erred by finding Appellant guilty of the offense of driving with a Prohibited Blood Alcohol Concentration of .081 in violation of O.R.C. § 4511.19 (A)(1)(d) when said finding was against the manifest weight of the evidence."
 I. Suppression Motion {¶ 13} In his first assignment of error, appellant insists that the trial court erred in denying his motion to suppress evidence which developed from what he characterizes as his unlawful arrest. According to appellant, his arrest was improper because the arresting officer lacked probable cause to believe that he was driving under the influence of alcohol.
 {¶ 14} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 332. During a suppression hearing, the trial court assumes the role of the trier of fact and is, therefore, in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992) 62 Ohio St.3d 357, 366;State v. Hopfer (1996), 112 Ohio App.3d 521, 548. As a result, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger
(1993), 86 Ohio App.3d 592, 594. An appellate court must then independently determine without deference to the trial court's legal conclusions whether, as a matter of law, *Page 5 
evidence should be suppressed. State v. Russell (1998),127 Ohio App.3d 414, 416; State v. Klein (1991), 73 Ohio App.3d 486.
 {¶ 15} Probable cause is "* * * defined in terms of facts and circumstances `sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" Gerstein v.Pugh (1975), 420 U.S. 103, 111-112, quoting Beck v. Ohio (1964),379 U.S. 89, 91. "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. In making this determination, we will examine the "totality" of facts and circumstances surrounding the arrest." State v. Homan,89 Ohio St.3d 421, 427, 2000-Ohio-212 (Citations omitted).
 {¶ 16} The trooper stopped appellant for speeding. At the suppression hearing he testified that, in his experience, alcohol impaired drivers frequently drive too fast or too slow. The officer observed that appellant's eyes were glassy and bloodshot and detected a moderate odor of an alcoholic beverage on appellant's person. Even though appellant performed well on the walk and turn and one foot standing tests, he displayed four of six indicators on his horizontal gaze nystagmus test, a failing performance. Moreover, although a portable breath test may not be accurate enough for a per se violation as under R.C.4511.19(A)(1)(d), that appellant registered a .087 percent on this device is certainly a measure that an officer is entitled to consider in weighing whether there exists probable *Page 6 
cause to arrest. Considering all of these factors, we cannot say that the trooper was without probable cause to arrest appellant for driving under the influence.
 {¶ 17} Consequently, the trial court did not err in denying appellant's motion to suppress and appellant's first assignment of error is not well-taken.
 II. Denial of Crim.R. 29 Motion {¶ 18} In his second assignment of error, appellant complains that the trial court erred when it denied his motion for acquittal for the R.C.4511.19(A)(1)(a), driving under the influence, violation.
 {¶ 19} Since the jury acquitted appellant of violating R.C.4511.19(A)(1)(a), we do not see any prejudice to appellant by the trial court's ruling. Absent prejudice, any antecedent error is harmless. Crim.R. 52(A). Accordingly, appellant's second assignment of error is not well-taken.
 III. Sufficiency and Weight of the Evidence {¶ 20} In his remaining assignments of error, appellant challenges the propriety of the trial court's denial of his motion for acquittal on the violation of R.C. 4511.19(A)(1)(d) and the weight and sufficiency of the evidence supporting the jury's verdict.
 {¶ 21} A motion for a judgment of acquittal, pursuant to Crim.R. 29, is judged by the same standard as for whether a verdict is supported by sufficient evidence. State v. Tenace, 109 Ohio St.3d 255, 260,2006-Ohio-2417, ¶ 36. A verdict may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an *Page 7 
insufficiency of evidence. In the former, the appellate court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387, 1997-Ohio-52. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also,State v. Eley (1978), 56 Ohio St.2d 169; State v. Barnes (1986),25 Ohio St.3d 203.
 {¶ 22} Pursuant to R.C. 4511.19(A)(1)(d), the prohibited alcohol content offense has only two elements. The offender must have been operating a vehicle and have "* * * a concentration of eight-hundredths of one gram [.080] or more * * * by weight of alcohol per two hundred ten liters of the person's breath." Since a violation is per se, seeState v. Luke, 10th Dist. No. 05AP-371, 2006-Ohio-2306, ¶ 3, appellant attacks the accuracy of his breath test.
 {¶ 23} Appellant registered a .081 on his breath test. At trial, the state presented extensive testimony as to the operation of the BAC DataMaster, its accuracy and the factors that affect verification of its accuracy. The senior operator for the Bowling Green *Page 8 
Police testified that the machine in question had a margin of error of .003. On cross examination, appellant's counsel asked:
 {¶ 24} "Q Okay. So if I am correct that means that if you blow a .081 what we really know is that at the low end you were .078, at the high end you were .084?
 {¶ 25} "A That is correct.
 {¶ 26} "Q Okay. And obviously you know that the printouts [sic] said .081?
 {¶ 27} "A Correct.
 {¶ 28} "Q But you don't actually know whether he was .078 — 78, 80, 83 or 84?
 {¶ 29} "A That is correct."
 {¶ 30} This testimony, appellant submits, clearly establishes that the state cannot show an over limits test as a matter of law. Moreover, even if the test results are sufficient to be submitted to the jury, since appellant registered only .001 above the acceptable limit, no reasonable trier of fact could have concluded this element proven beyond a reasonable doubt given the testimony on error margins.
 {¶ 31} We should first correct one misconception. The statute makes unlawful a breath alcohol concentration of .080 "or more." As a result, the maximum acceptable concentration is .079.
 {¶ 32} With respect to the admissibility of appellant's test, appellant makes no argument that the maintenance and performance verification of this machine were in any way noncompliant with the rules established by the Ohio Department of Health. Absent some deviation from those rules, the results of appellant's test are admissible,Cincinnati *Page 9 v. Sand (1975), 43 Ohio St.2d 79, 86-86. Thus, there was evidence submitted which, if believed, would establish the elements of the offense. See, also, State v. Schuck (1986), 22 Ohio St.3d 296, 297.
 {¶ 33} Concerning the weight of this evidence, the jury heard extensive testimony as to the possible deviations which might be inherent in the machine and found that the state had proven its case. It is not required that the trier of fact resolve all doubt. As we regularly tell our jurors: "* * * Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. `Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." R.C. 2901.05(D). In this matter, the jury resolved any doubt as to the accuracy of the chemical breath test in favor of the state. We cannot say that this decision represents a jury that has lost its way or resulted in any manifest injustice.
 {¶ 34} Accordingly, appellant's remaining assignments of error are found not well-taken.
 {¶ 35} On consideration whereof, the judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1