DECISION AND JUDGMENT
{¶ 1} Appellant appeals the denial by the Perrysburg Municipal Court of his appeal from an administrative license suspension. For the reasons that follow, we affirm.
 {¶ 2} On April 6, 2008, at approximately 3:00 a.m., a patrolling Rossford police officer observed a car driven by appellant, Daniel P. McMahon, straddle lanes on *Page 2 
northbound Interstate 75. The officer later testified that he followed appellant for approximately one and one-half miles and observed appellant's vehicle partially drift from the center lane to the right lane four times.
 {¶ 3} The officer stopped appellant for a lane violation. According to the officer, when he approached appellant, he noted that appellant had glassy eyes and emitted a strong odor of an alcoholic beverage. Appellant told the officer that he had made a "bad decision for driving." The officer also testified that he found it curious that appellant offered that his female passenger could drive his car, when the passenger was under age 20 and admitted to consuming some alcohol.
 {¶ 4} The officer administered a series of field sobriety tests, with mixed results. Appellant performed well on the one leg stand and walk and turn tests, but indicated six of six possible indices on the horizontal gaze nystagmus test. Appellant scored 0.121 percent blood alcohol equivalent on a portable breath test.
 {¶ 5} The officer placed appellant under arrest for operating a vehicle under the influence of alcohol and transported him to the Rossford police station. There, the officer advised him of his responsibilities and the consequences under Ohio's implied consent law and requested that he take a Breathalyzer test. Upon his refusal to take the test, the officer advised appellant of his administrative license suspension.
 {¶ 6} Appellant was charged with a lane violation under a Rossford ordinance and a violation of R.C. 4511.19 (A)(1). He pled not guilty to these charges and appealed *Page 3 
his administrative license suspension, pursuant to R.C. 4511.197. Following a hearing, the trial court rejected appellant's suspension appeal. From this judgment, appellant now brings his appeal. Appellant sets forth the following single assignment of error:
 {¶ 7} "The court committed prejudicial error in denying the defendant's appeal of his administrative license [sic]"
 {¶ 8} "Any person who operates a vehicle * * * upon a highway or any public or private property used by the public for vehicular travel or parking within this state * * * shall be deemed to have given consent to a chemical test or tests of the person's * * * breath, * * * if arrested for a violation of [R.C. 4511.19(A) or (B)] or a substantially equivalent municipal ordinance, or a municipal OVI ordinance." R.C. 4511.191(A)(2). The chemical test "* * *shall be administered at the request of a law enforcement officer having reasonable grounds to believe the person was operating or in physical control of a vehicle [in violation of R.C. 4511.19(A) or (B)]." R.C. 4511.191(A)(3). If one properly asked to submit to such a chemical test refuses, the arresting officer shall, subject to statutory appeal, seize that individual's operator's license and immediately administratively suspend his or her operating privileges. R.C. 4511.192 (D)(1).
 {¶ 9} One whose operating privileges are so suspended, "* * * may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge." R.C. 4511.197 (A). At such an *Page 4 
appeal, "* * * the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:
 {¶ 10} "(1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle * * * in violation R.C. 4511.19(A) or (B) or a substantially equivalent municipal ordinance and whether the arrested person was in fact placed under arrest;
 {¶ 11} "(2) Whether the law enforcement officer requested the arrested person to submit to the chemical test or tests designated pursuant to [R.C. 4511.191(A)];
 {¶ 12} "(3) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;
 {¶ 13} "(4) Whichever of the following is applicable:
 {¶ 14} "(a) Whether the arrested person refused to submit to the chemical test or tests requested by the officer;
 {¶ 15} "* * *." R.C. 4511.197(C).
 {¶ 16} The burden of proof at such a hearing is on the person appealing the suspension to prove by a preponderance of the evidence that one of the statutorily circumscribed elements has not been met. R.C. 4511.197(D). If, during the hearing on a driver's appeal, the judge or magistrate concludes that all of the articulated conditions have been met, he or she is directed to continue the suspension. Id. *Page 5 
 {¶ 17} During the hearing on appellant's suspension, the arresting officer testified that he had arrested appellant for a violation of R.C. 4511.19(A)(1), read appellant the statutory consequences of chemical test refusal, as directed by R.C. 4511.192 and reproduced on Bureau of Motor Vehicles form 2255, and appellant refused to take the test. During the hearing and here, appellant essentially concedes these conditions and focuses on whether the officer had reasonable grounds to arrest him.
 {¶ 18} In several subsets under his assignment of error, appellant complains that he was denied due process because the trial court refused to consider proffered articles purportedly questioning the efficacy of the horizontal gaze nystagmus test and the portable breath tester. He also complains that he was denied an opportunity to question the officer regarding "the totality of the circumstances," but provided no proffer of what those "circumstances" were. He also asserts that the "reasonable grounds" to arrest test is equivalent to probable cause to arrest and that, viewing his arrest in the totality of the circumstances, probable cause is missing. Finally, he insists that portable breath tests on unapproved devices may not be considered in determining probable cause.
 {¶ 19} "Probable cause is `* * * defined in terms of facts and circumstances "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense."' Gerstein v.Pugh (1975), 420 U.S. 103, 111-112, quoting Beck v. Ohio (1964),379 U.S. 89, 91. `In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had *Page 6 
sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. In making this determination, we will examine the "totality" of facts and circumstances surrounding the arrest.' State v. Homan, 89 Ohio St.3d 421, 427, 2000
Ohio 212, (Citations omitted)." State v. Masters, 6th Dist. No. WD-06-045, 2007-Ohio-7100, ¶ 15.
 {¶ 20} We believe that, had the legislature intended the standard in these matters to be "probable cause," it was perfectly capable of using that term. Instead, it used the term "reasonable ground." The statute offers no definition of this term, nor do we find any discussion of the term in statutory analysis. See Legislative Service Commission Analysis to 2002 Am. Sub. S.B. 123. This was probably intended as a somewhat lesser metric, but that does not matter in this case.
 {¶ 21} Even applying the higher standard, appellant had glassy eyes, a strong odor of an alcoholic beverage, demonstrated conscience of guilt about his "bad decision" by driving, weaving across lanes, and exhibited poor judgment in suggesting that an underage consumer of alcohol could drive his car. The trial court could have concluded that these factors alone constituted probable cause for appellant's arrest. Under the totality of the circumstances, we could not say that this was a finding without evidentiary support. *Page 7 
 {¶ 22} Moreover, the trial court was correct in rejecting collateral attacks on some field sobriety tests. This was not a suppression hearing. The only question was whether the arresting officer, at the time of arrest, had sufficient indicia from reasonably trustworthy sources to reach a prudential decision that appellant was driving while alcohol impaired.
 {¶ 23} The horizontal gaze nystagmus test, if properly administered, is admissible in evidence. State v. Boczar, 113 Ohio St.3d 148, 160,2007-Ohio-1251, ¶ 27. We have held that a portable breath test is a measure which may be considered in determining probable cause. State v.Masters, supra, ¶ 16. Thus, these are reasonably trustworthy sources upon which an arresting officer could have relied to establish probable cause or reasonable grounds for an arrest. Whether these tests, generally, in the opinion of some, in certain circumstances, may be flawed is not relevant to the officer's charging decision. Consequently, the court was within its discretion in excluding the articles proffered by appellant. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Perrysburg Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1