**[Cite as *State v. Pajestka*, 2026-Ohio-1412.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 2024CA0103-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW PAJESTKA | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 19 TRC 04078 |

## DECISION AND JOURNAL ENTRY

Dated: April 20, 2026

HENSAL, Judge.

{¶1} Matthew Pajestka appeals his conviction for operating a vehicle with a prohibited blood alcohol concentration from the Medina Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} When Officer Zachary Getto approached Mr. Pajestka's vehicle after stopping it for speeding, he noticed a strong odor of alcohol coming from Mr. Pajestka. Following field sobriety tests, Officer Getto arrested Mr. Pajestka and transported him to the police department where Mr. Pajestka gave a breath sample that registered .093 g/dl of alcohol on a BAC Datamaster.

{¶3} This case has been appealed to this Court twice before, with this Court reversing and remanding both times. Following the second remand, a visiting judge was appointed to the case. In July 2024, the parties selected November 21, 2024, as the trial date. They conducted the final pretrial on October 23, 2024. A week later, however, Mr. Pajestka moved to continue the

trial because his expert witness was unavailable. The municipal court denied the motion, and a renewed motion that Mr. Pajestka filed afterwards. At the start of trial, the court denied another motion to continue by Mr. Pajestka. A jury found Mr. Pajestka guilty of operating a vehicle with a prohibited blood alcohol concentration, and the municipal court sentenced him to 10 days in jail. Mr. Pajestka has appealed, assigning four errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION TO CONTINUE THE JURY TRIAL WHEN THAT MOTION WAS FILED A MONTH IN ADVANCE AND IMMEDIATELY UPON DISCOVERY THAT THE DEFENSE EXPERT WAS NOT AVAILABLE.

{¶4} In his first assignment of error, Mr. Pajestka argues that the trial court abused its discretion when it denied his motion to continue. According to Mr. Pajestka, he filed the motion nearly a month before trial and only because his expert witness was unavailable because of the expert's professional obligation to hospitalized patients. He argues that he did not seek a lengthy continuance but only wanted to protect his right to a fair trial. Mr. Pajestka further notes that no other continuances of the trial date had been requested and that he only wanted to have his case tried with all his evidence.

{¶5} This Court reviews a trial court's ruling on a motion for continuance for an abuse of discretion. *State v. Wells*, 2024-Ohio-2155, ¶ 19 (9th Dist.). "An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} When evaluating a motion to continue, a court

should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for

legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981). In evaluating the trial court's decision, this Court applies a balancing test, "weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party.'" *Wells* at ¶ 20, quoting *State v. Dawalt*, 2007-Ohio-2438, ¶ 10 (9th Dist.). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Unger* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶7} Although Mr. Pajestka argues about the denial of his "motion to continue," we note that he moved to continue the trial three separate times, and the trial court denied those motions separately. Before this Court can evaluate whether the trial court committed an abuse of discretion, we need to determine which decision or decisions have been challenged and base our decision on the information that was before the trial court at the time of that decision. *See id*. Because Mr. Pajestka's argument relies largely on the amount of notice he provided and does not refer to his "renewed" motion, we will construe his brief as challenging the denial of his original motion to continue instead of his renewed motion or the motion he made at the start of the trial.

{¶8} Mr. Pajestka filed his first motion to continue on October 31, 2024, which was exactly three weeks before the trial date. It was eight days after the final pretrial hearing and months after the State had subpoenaed its witnesses. In his motion, Mr. Pajestka alleged that he had "just learned" that his expert witness was unavailable for trial because of "obligations to direct clients," that the expert witness was material to his case, and that he would be detrimentally

affected by the exclusion of the witness. He did not specify the length of delay he requested; he only asked that the trial be reset to a different date and noted that there were no speedy trial concerns. The trial court denied the motion the following day, noting that Mr. Pajestka had been given his choice of trial dates, that he had had months to arrange for the availability of his witnesses, and that he had expressed his intention to go forward at the final pretrial hearing.

{¶9} The State argues that Mr. Pajestka had ample time to retain expert witnesses, including time to obtain additional witnesses after he noticed the conflict. It also argues that Mr. Pajestka could have arranged a video deposition in advance of trial or arranged to have his expert appear by video in lieu of a personal appearance. It further argues that the trial court had the right to control its own docket, to ensure the prompt resolution of its cases, and that this Court has stated that "[w]itnesses must accommodate trials, rather than trials accommodate witnesses." *State v. Swisshelm*, 40 Ohio App.3d 196, 197 (9th Dist. 1987).

{¶10} This case originated in 2020. Although there were no other continuances since the last remand by this Court, the visiting judge had a strong interest in resolving the four-year old case. The court offered Mr. Pajestka a choice of trial dates in writing, providing him with the opportunity to check with his expert before making his selection. The date Mr. Pajestka selected was four months away, also providing him ample opportunity to ensure that his witnesses were available. The State subpoenaed its witnesses months before trial, but Mr. Pajestka did not subpoena his expert. There is no indication whether Mr. Pajestka attempted to arrange for his expert to appear by video or pursued any other accommodation. We also note that Mr. Pajestka alleges that he learned his expert was unavailable "nearly thirty days in advance" of trial but he did not file his motion to continue until 21 days before trial and after the final pretrial hearing. Altogether, upon review of the record, we cannot conclude that the trial court exercised its

discretion improperly when it denied Mr. Pajestka's motion to continue. Mr. Pajestka's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL, RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, RIGHT TO PRESENT A DEFENSE, AND RIGHT TO DUE PROCESS IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION.

{¶11} In his second assignment of error, Mr. Pajestka argues that the trial court denied him the right to a fair trial by proceeding to trial when his expert witness was unavailable. He also argues that this violated his right to present witnesses and his right to defend against the State's charges. He further argues that his trial counsel was ineffective for failing to check with his expert witness about his availability. According to Mr. Pajestka, if the expert had testified, the evidence would have demonstrated that he was not guilty of operating a vehicle with a breath alcohol level over the legal limit.

{¶12} The trial court gave Mr. Pajestka his choice of trial dates and did not intentionally select a date when it knew Mr. Pajestka's expert was unavailable. It simply proceeded with the trial on the mutually selected date. The court did not prevent Mr. Pajestka from calling any witnesses and did not deny him any requested accommodation that would have allowed his expert witness to testify by video. Mr. Pajestka also acknowledged that it was his fault for failing to check his expert's availability, not the court's. Accordingly, we do not agree that the trial court denied Mr. Pajestka a fair trial.

{¶13} Regarding whether Mr. Pajestka's counsel was ineffective, we note that his trial attorney was employed by the same private law firm as his appellate attorney. Ohio courts have recognized that, if a defendant is represented by the same counsel at trial and on appeal, he may

not raise an ineffective assistance of counsel claim on direct appeal. *State v. Tinch*, 84 Ohio App.3d 111, 126 (12th Dist. 1992); *State v. Kelly*, 2012-Ohio-523, ¶ 71 (11th Dist.); *State v. Hearing*, 2023-Ohio-3704, ¶ 43 (5th Dist.). The rationale for refusing to allow the raising of an ineffective assistance claim under such circumstances is that counsel cannot realistically be expected to argue his or her own ineffectiveness or incompetence. *Tinch* at 126; *see* Prof.Cond.R. 1.07(a)(2). The same rule applies to any members of the same private law firm. *State v. Bowling*, 1998 WL 211910, *3 (10th Dist. April 28, 1998), *Kelly* at ¶ 72, Prof.Cond.R. 1.10(a). We, therefore, decline to review Mr. Pajestka's ineffective assistance of counsel argument. *Tinch* at 126. Mr. Pajestka's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

DEFENDANT'S CONVICTION WAS NOT BASED ON SUFFICIENT EVIDENCE.

ASSIGNMENT OF ERROR IV

DEFENDANT'S CONVICTION IN VIOLATION OF R.C. 4511.19(A)(1)(D) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE BREATH TEST WAS CLOSE TO THE LEGAL LIMIT AND TAKEN OVER AN HOUR AFTER OPERATION.

{¶14} Mr. Pajestka has argued his third and fourth assignments of error together.[1] In his third assignment of error, he argues that his conviction was not based on sufficient evidence. In his fourth assignment of error, he argues that it was against the manifest weight of the evidence.

{¶15} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such

---

[1] Although this is contrary to Appellate Rules 12(A)(2) and 16(A)(7), we will consider the combined arguments. *See ATCL 1, LLC v. State of Ohio Bd. of Pharmacy*, 2023-Ohio-59, ¶ 2 fn. 1 (9th Dist.).

evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶16} On the other hand, when considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶17} Mr. Pajestka argues that the .093 g/dl breath test he produced almost an hour after the traffic stop is insufficient to establish that his breath alcohol level was over the legal limit at the time he was operating his vehicle. He also argues that, even if the evidence is sufficient, without any additional evidence to establish what the number would have been at the time he was operating the vehicle, his conviction is against the manifest weight of the evidence.

{¶18} The State argues that the evidence is sufficient because the BAC Datamaster unit was properly calibrated and maintained, all testing protocols were followed, and the test result was over the legal limit. It also argues that the test was conducted only 45 minutes after the stop and well within the time period allowed by statute. It further argues that officers observed Mr. Pajestka from the time he was stopped to the time of the test and that Mr. Pajestka did not consume any

additional alcohol during that period. The State argues that Mr. Pajestka's conviction is also not against the manifest weight of the evidence, noting the testimony of the officers involved in the stop and the proper operation of the breath testing device.

{¶19} A breath test that is above the statutory limit after accounting for the device's margin of error during its last calibration check is sufficient to support a conviction. *State v. Schuck*, 22 Ohio St.3d 296, 298 (1986). Officer Getto testified that Mr. Pajestka's test result was .013 over the statutory limit of .08 and that the BAC Datamaster had been properly calibrated. We, therefore, conclude that Mr. Pajestka's conviction is supported by sufficient evidence. Regarding the manifest weight of the evidence, Officer Getto testified that, per his training on the BAC Datamaster, they observe someone for 20 minutes before administering the test so that any alcohol that is in someone's mouth can be absorbed into their system before the test. He also testified that, based on the timing between the traffic stop and the test, Mr. Pajestka's breath alcohol content at the time of the test would have been lower than at the time he was operating his vehicle, not higher. The jury was in the best position to evaluate the credibility of his testimony. *See State v. Shank*, 2013-Ohio-5368, ¶ 29 (9th Dist.). Upon review of the evidence, we conclude that Mr. Pajestka has not shown this is the exceptional case in which the evidence weighs heavily against the conviction. *See Otten*, 33 Ohio App.3d at 340. Mr. Pajestka's third and fourth assignments of error are overruled.

## III.

{¶20} Mr. Pajestka's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶21} I concur in judgment only as I would overrule the first assignment of error solely on the basis that the record does not demonstrate that Pajestka was prejudiced by the trial court's denial of his motion for a continuance. *See In re Kolling*, 2002 WL 58001, *6 (9th Dist. Jan. 16, 2002). I concur in the majority's resolution of the remaining assignments of error.

APPEARANCES:

JOSEPH C. PATITUCE, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, and MEGAN A. PHILBIN, Attorneys at Law, for Appellee.