[Cite as *Vogelmeier v. Ohio Power Co.*, 2014-Ohio-5175.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NEIL VOGELMEIER | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 14CA14 |
| OHIO POWER COMPANY, ET AL. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Knox County Court of
Common Pleas, Case No. 13WC11-0456

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 19, 2014

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

JERALD A. SCHNEIBERG           CHRISTOPHER C. RUSSELL
JENNIFER L. LAWTHER            Porter, Wright, Morris & Arthur, LLP
STACY M. CALLEN                   41 South High Street
Nager, Romaine & Schneiberg Co. L.P.A.   Columbus, Ohio 43215
27730 Euclid Ave.
Cleveland, Ohio 44132


For Defendant-Appellee,
Administrator, Bureau of Workers' Compensation

JOHN SMART
Assistant Attorney General
Ohio Attorney General
150 East Gay Street, 22nd Floor
Columbus, Ohio 43215-3130

*Hoffman, P.J.*

{¶1}   Defendant-appellant Ohio Power Co. appeals the May 16, 2014 Judgment Entry entered by the Knox County Court of Common Pleas, which entered final judgment on the jury's verdict allowing plaintiff-appellee Neil Vogelmeier to participate in the Workers' Compensation Fund for additional conditions which resulted from his October 30, 2007 injury.

{¶2}   STATEMENT OF THE FACTS AND CASE

{¶3}   On October 30, 2007, Appellee was injured during the course of and arising out of his employment with Appellant. Appellee's application for worker's compensation benefits was allowed for the conditions of left shoulder sprain, chest wall strain, and left dorsal strain.

{¶4}   Subsequently, Appellee filed for additional allowances for the conditions of left shoulder rotator cuff syndrome, left shoulder impingement, substantial aggravation of pre-existing acromioclavicular joint arthropathy, substantial aggravation of pre-existing acromioclavicular  joint arthropathy, substantial aggravation of pre-existing left shoulder synovitis, substantial aggravation of pre-existing left shoulder capsulitis, substantial aggravation of pre-existing left shoulder bursitis, left shoulder slap tear, C3-4 herniated nucleus pulpous, C4-5 herniated nucleus pulpous, C5-6 disc protrusion, C6-7 disc protrusion and dysthymic disorder.  The Industrial Commission disallowed these conditions.

{¶5}   Thereafter, on January 30, 2012, Appellee filed for additional allowances of disc herniation/protrusion at T5-6, T7-8, and T8-9. The District Hearing Officer disallowed the claim.  Appellee timely appealed the District Hearing Officer's order.  The

Staff Hearing Officer vacated the order of the District Hearing Officer and allowed the claim for disc herniation/protrusion at T5-6, T7-8 and T8-9. Appellant appealed the Staff Hearing Officer's decision to the Industrial Commission of Ohio, which refused to hear the appeal.

{¶6} After exhausting its administrative appeals, Appellant filed an appeal to the Knox County Court of Common Pleas. Appellee filed a motion in limine, seeking to prevent Appellant from referencing any evidence of the previously denied and disallowed left shoulder and neck conditions. The trial court granted the motion. The matter proceeded to jury trial. The jury returned a verdict in favor of Appellee, finding he was entitled to participate in the Workers' Compensation Fund for the conditions of disc herniation/protrusion at T5-6, T7-8 and T8-9.

{¶7} Appellant filed the instant appeal and this matter in now before this Court for consideration. Appellant assigns as error:

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY ARBITRARILY GRANTING THE PLAINTIFF-APPELLEE'S MOTION IN LIMINE AND BY PERMITTING THE PLAINTIFF-APPELLEE TO MAKE REFERENCE DURING TRIAL TO THOSE CONDITIONS THAT WERE PREVIOUSLY ALLOWED AS PART OF PLAINTIFF-APPELLEE'S WORKERS' COMPENSATION CLAIM BUT DENYING DEFENDANT-APPELLANT OHIO POWER COMPANY'S ABILITY TO REFERENCE THOSE CONDITIONS WHICH HAVE PREVIOUSLY BEEN SPECIFICALLY DENIED AND DISALLOWED AS PART OF PLAINTIFF-APPELLEE'S WORKERS' COMPENSATION CLAIM DURING A TRIAL TO ADDRESS PLAINTIFF-APPELLEE'S REQUEST FOR THE ALLOWANCE OF SEPARATE ADDITIONAL CONDITIONS."

{¶9}   Evid. R. 402 provides, "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible."

{¶10} Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Generally, all relevant evidence is admissible, and irrelevant evidence is inadmissible. Evid.R. 402.

{¶11} The issue of whether testimony is relevant or irrelevant, confusing or misleading is best decided by the trial judge who is in a significantly better position to analyze the impact of the evidence on the jury." *State v. Taylor,* 39 Ohio St.3d 162, 164, 529 N.E.2d 1382(1988).  Accordingly, the admission or exclusion of relevant evidence lies within the sound discretion of the trial court. *See: Glick v. Marler* (1992), 82 Ohio App.3d 752; *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 66; *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 271. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶12} We find no abuse of discretion in the trial court's admission of evidence of the previously allowed conditions.   Appellee was seeking further allowances for conditions resulting from the October 30, 2007 injury he suffered during the course and

scope of his employment.  Evidence of the previously allowed conditions is inherently relevant to establish the background for the further allowances he sought.

{¶13}  Furthermore, we find Appellant failed to preserve this error.  Unlike Appellee who filed a motion in limine to exclude reference to the disallowed conditions, Appellant did not file a motion in limine seeking to have the evidence of prior allowed conditions excluded.  Appellant failed to object during trial to the trial court's admission of evidence of the previously allowed conditions.  With respect to Appellant's arguments relative to the evidence of the disallowed conditions, we find the trial court did not abuse its discretion in granting Appellee's motion in limine.  The disallowed conditions were related to a different area of Appellee's body; therefore, are of little, if any, relevance and any testimony regarding the conditions could simply confuse the jury.  We also find Appellant failed to preserve this error.  Appellant did not attempt to proffer any of the excluded evidence.

{¶14}  Appellant's sole assignment of error is overruled.  The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur